UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PIOTR BABICHENKO, *et al.*<br><br>Defendants. | Case No. 1:18-CR-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are Defendants Piotr Babichenko and Anna Iyerusalimets' Motions to Exclude *Bruton* statements or, in the alternative, to Sever. Dkt. 548; 550. Anna has since withdrawn her Motion to Sever, but preserves her objection to *Bruton* statements. Dkt. 619. The Court held arguments on these motions on August 28, 2020. Dkt. 625. For the reasons explained below, the Court will deny the motions without prejudice.

# BACKGROUND

Codefendants Piotr and Anna are presently scheduled for a jury trial beginning February 1, 2020 along with seven codefendants. Piotr and Anna have

**MEMORANDUM DECISION AND ORDER - 1**

both filed motions to exclude codefendant statements that violate the rule established in *Bruton v. United States*, 391 U.S. 123 (1968). Piotr moves to sever if *Bruton* statements are not excluded.

## LEGAL STANDARD

The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. *In Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a defendant's confrontation rights are violated when a court admits in a joint trial the confession of a non-testifying codefendant that implicates the defendant. *Id*. at 126. The Court also held that a limiting instruction could not cure such a violation, as "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Id*. at 135. Accordingly, *Bruton* carved a narrow exception to the general rule that "juries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

In *Marsh*, the Court distinguished the confession in *Bruton*, which "expressly implicat[ed]" the defendant, from confessions that are not incriminating

MEMORANDUM DECISION AND ORDER - 2

on the face, but "bec[ome] so only when linked with evidenced introduce later at trial." *Marsh*, 481 U.S. at 201; *Mason v. Yarborough* 447 F.3d 693, 695 (9th Cir. 2006) (*Marsh* "specifically exempts [from the *Bruton* rule] a statement, not incriminating on its face, that implicates the defendant only in connection to other admitted evidence."). "Where the necessity of such linkage is involved, it is a less valid generalization that the jury will not likely obey the instruction to disregard the evidence." *Marsh*, 481 U.S. at 208. "On the other hand, the mere removal of a codefendant's name from a statement that obviously refers to the defendant, does not insulate the statement from *Bruton* scrutiny." *Yarborough*, F.3d at 695 (citing *Gray v. Maryland*, 523 U.S. 185, 193–196 (1998)). A statement is facially incriminating when it has a "devastating" or "powerful" inculpatory impact. *United States v. Mikhel*, 889 F.3d 1003, 1044 (9th Cir. 2018).

## ANALYSIS

The Court anticipates objections to *Bruton* statements to be an ongoing occurrence at trial. In his motion, Piotr does not discuss or object to specific alleged statements. Rather, he preemptively moves to exclude *Bruton* statements introduced at trial or, alternatively, sever his trial from his codefendants. Defense counsel is free to raise objections during trial when potential *Bruton* statements are

**MEMORANDUM DECISION AND ORDER - 3**

considered. As such, the Court will deny Piotr's motion to exclude alleged *Bruton* and *Lilly*[1] statements, as well as his motion to sever, as premature.

Anna contends that codefendant statements from post-arrest interviews directly or indirectly implicating her should be excluded under *Bruton*. Anna objects to several alleged statements: Pavel Babichenko's statement, "She worked for Tim and then she branched it out," and his description of her transactions with the business; Gennady Babichenko's statements that Anna and Mr. Iyerusalimets have their own separate business and his description of their business transactions; David Bibikov's statement that Anna and Mr. Iyerusalimets work on their own; Mikhail Iyerusalimets' statement that Anna started working for Paul as a teenager and that Anna is "really good with like paperwork, since she did it all for Paul;" and Kristina Babichenko's statement that Anna worked for Timofey Babichenko before he married Kristina. Dkt. 550. None of these statements have a "devastating" or "powerful" inculpatory impact such that they constitute facial incrimination. *Mikhel*, 889 F.3d at 1044.

At the hearing, defense counsel argued that the statements are incriminating when considered in context of this white-collar case. However, *Bruton* and its

---

[1] *Lilly v. Va.*, 527 U.S. 116 (1999).

**MEMORANDUM DECISION AND ORDER - 4**

progeny have rejected this "contextual" approach. *Marsh*, 481 U.S. at 209. The statements at issue have the potential to be inculpatory only when linked to other evidence the government may offer about Anna's alleged involvement in the illegal operation. *Id*. at 208.

Anna also contends that introducing at trial codefendant statements using the pronoun "we," without clarifying the specific individuals, risks the jury will attribute the statements to Anna. Pronouns such as "we," "our," and "they" do not necessarily run afoul of *Bruton* or *Gray* where the statement does not implicate or reference the defendant. *United States v. Barrera-Medina*, 139 Fed. Appx. 786, 794–796 (9th Cir. 2005). As such, Anna has not shown that these alleged codefendant statements rise to a *Bruton* violation.

All defendants are free to object to statements they believe violate *Bruton* at trial, and the Court will consider those objections outside the presence of the jury. The Court will not admit into evidence or allow the jury to hear *Bruton* statements.

## ORDER

**IT IS ORDERED that:**

1. Piotr Babichenko's Motion to exclude *Bruton* statements, or, in the alternative, to Sever (Dkt. 548) is **DENIED** without prejudice.

**MEMORANDUM DECISION AND ORDER - 5**

2.	Anna Iyerusalimets' Motion to exclude *Bruton* statements (Dkt. 550) is **DENIED** without prejudice.

DATED: November 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge