PAUL E. RIGGINS, I.S.B. #5303
RIGGINS LAW, P.A.
380 S. 4th Street, Ste. 104
Boise, Idaho 83702
Phone: (208) 344-4152
Email: rigginslaw@gmail.com

ANDREW S. MASSER, ISB #9544
BALDAUF MASSER, LLP
2399 Orchard Street, Ste. 204
Boise, Idaho 83705
Phone: 208-841-6131
Email: andrew@baldaufmasser.com

Attorneys For Defendant PIOTR BABICHENKO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>        Plaintiff,            )<br>                              )<br>vs.                           )<br>                              )<br>PAVEL BABICHENKO,             )<br>GENNADY BABITCHENKO,          )<br>PIOTR BABICHENKO,             )<br>TIMOFEY BABICHENKO,           )<br>KRISTINA BABICHENKO,          )<br>NATALYA BABICHENKO,           )<br>DAVID BIBIKOV,                )<br>ANNA IYERUSALIMETS,           )<br>MIKHAIL IYERUSALIMETS,        )<br>ARTUR PUPKO,                  )<br>                              )<br>        Defendants.           )<br>_____) | Case No. CR18-258-BLW<br><br><br><br><br><br><br><br><br>DEFENDANT PIOTR<br>BABICHENKO'S MOTION TO<br>DISMISS FOR LACK OF<br>STANDING |

DEFENDANT PIOTR BABICHENKO'S MOTION TO DISMISS FOR LACK OF STANDING          1

COMES NOW, Defendant Piotr Babichenko, by and through his attorneys of a record, Paul E. Riggins and Andrew S. Masser, and hereby moves to dismiss Counts 10, 19 and 27 because the Government lacks Article III standing.

## I.     Legal Standard

Article III, section 2 of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

That provision "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *Transunion v. Ramirez*, 594 U.S. __, ___ (2021) (slip. op. at 7). A plaintiff in federal court "must have a personal stake in the case—in other words, standing" for there to be a case or controversy. *Id*. (internal quotation omitted). A plaintiff has the burden to demonstrate they have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To do so, the plaintiff must show:

> (i) That he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.

*Transunion*, 594 U.S. at __ (slip op at 7).

Article III standing also ensure the appropriate separate of powers. *Id*. at __ (slip. op. at 8). Federal courts play a limited role in the government; they do not issue advisory opinions. Instead, "under Article III, a federal court may resolve only

a real controversy with real impact on real persons." *Id*. at __ (slip. op. at 8) (internal quotation omitted).

An injury in fact is concrete as opposed to "abstract" when "the alleged injury to the plaintiff has a 'close relationship' to harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id*. at __ (slip. op. at 9) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). Those harms can be tangible-like a physical injury or monetary harm. Harms can intangible but still concrete, like "reputational harms, disclosure of private information, and intrusion upon seclusion" or harms specified by the Constitution like abridgement of free speech or free exercise. *Transunion*, 594 U.S. at __ (slip. op. at 9) (internal quotations omitted).

When Congress prohibits certain conduct and grants a plaintiff a cause of action, a federal court "must afford due respect" to that decision. *Id*. at 10 (internal quotation omitted). However, Congress "may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *Id*. (internal quotation omitted). That is, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341.

*Transunion* was a civil case and this case is a criminal case. Article III does not distinguish between civil and criminal cases. Edward A. Hartnett, *The Standing of the United States: How Criminal Prosecutions Show that Standing Doctrine Is Looking for Answers in All the Wrong Places*, 97 Mich. L. Rev. 2239, 2246–49 (1999); *see also, Sierra v. City of Hallandale Beach, Florida*, 996 F.3d. 1110, 1125 (11th Cir.

DEFENDANT PIOTR BABICHENKO'S MOTION TO DISMISS FOR LACK OF STANDING     3

2021) (Newsom, J., concurring) (citing Harnett's article and arguing that Article III standing should operate the same in civil and criminal cases). The logic of *Transunion* requires what the Court had previously suggested: Harm of "an abstract and indefinite nature[,]" such as the general interest in enforcement of the law, is insufficient for the Government to establish Article III standing. *See* Hartnett, 97 Mich. L. Rev. at 2248 (citing *Federal Election Commn. v. Akins*, 118 S. Ct. 1777, 1785 (1998) (internal quotation omitted)). The government in a criminal case should bear the burden of demonstrating an injury-in-fact to establish standing to bring a "case" or "controversy" under Article III, just as a plaintiff in a civil case. *See Sierra*, 996 F.3d. at 1125 (Newsom, J., concurring).

To be sure, Professor Hartnett in his article and Judge Newsom in *Sierra* argued that Article III standing operates the same in civil and criminal cases as a critique of the injury-in-fact test. The government has not suffered an injury-in-fact in many federal criminal cases. For example, the government has suffered no injury-in-fact as the Court has defined the term when a person possesses or sells illegal drugs. Hartnett, 97 Mich. L. Rev. at 2247. Instead, because federal courts assume that the government has Article III standing in every federal criminal case, the Court must have previously assumed that the government had standing to bring a suit to remedy a public harm as codified by Congress, instead of an injury-in-fact to the government. *See Transunion*, 594 U.S. at __ (slip. op. at 13-14) ("the choice of how to prioritize and how aggressively to pursue legal actions against defendants who violate the law falls within the discretion of the Executive Branch"). If the Court were to apply that rule equally to civil plaintiffs, then civil plaintiffs

would have Article III standing when Congress created an obligation for a defendant (and a cause of action for a plaintiff based on a violation of that obligation), even when the plaintiff themselves had not suffered an injury-in-fact as a result of the defendant's violation of that obligation.

The Court squarely rejected that view of standing in *Transunion*. That case involved alleged violations of the Fair Credit Reporting Act. *Transunion*, 594 U.S. at __ (slip. op. at 2). In the Act, Congress required credit reporting companies to comply with certain requirements in the compilation and dissemination of consumer's credit information. Congress created a cause of action for consumers to sue and recover damages for certain violations, including requirements that mailings to consumers contain particular information and that those agencies take reasonable steps to ensure the accuracy of the information they compile. *Id*. at __ (slip. op. at 3). The class plaintiffs in *Transunion* relied on the Act as the basis for their cause of action. Many of the plaintiffs did not produce evidence that the inaccurate information about them had been disseminated or that they were aware that mailings they received from Transunion lacked information required by the Act. *Id*. at __, __ (slip. op. at 19-21, 24). The Court held that those plaintiffs lacked standing because they had not suffered an injury-in-fact despite that fact that they plainly had a cause of action for damages under the Act. *Id*. at __, __ (slip. op. at 24-27). As argued below, the same is true of the United States in the present case.

## II.   Argument

The holding in *Transunion*, when applied to this case, establishes that the government lacks Article III standing to proceed on Counts 10, 19 and 27 (wire

DEFENDANT PIOTR BABICHENKO'S MOTION TO DISMISS FOR LACK OF STANDING — 5

fraud, mail fraud, trafficking in counterfeit goods) against the Defendant because the United States suffered no injury-in-fact.

Trial testimony of lead government investigative Agents Denning and Sheehan forecloses any possibility that the United States was defrauded or received counterfeit goods when it conducted an online purchase from the Amazon storefront Rock Petra/ReMobile as alleged in County 10, 19 and 27. Both agents testified that they targeted specific Amazon storefronts which they believed were associated with the Defendants.[1] The evident purpose of the online purchases was to seek out and buy items which the government agents contended were misrepresented on Amazon or eBay.[2]

The Government argues that the sale of used or refurbished products when listed as "new" on online sales platforms meets the requirements of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 2320(a) and (b)(1) (trafficking in counterfeit goods).  ECF 210, p. 8, 9-10 and 14 (Superseding

---

[1] Both Agents Denning and Sheehan described a consistent process for how they identified which items to purchase on Amazon or eBay.
　Agent Denning testified that government agents used names identified from the execution of package warrants to make online purchases directly from businesses believe to be associated with one or more defendants. Tr. p. 692, ln. 9-11. Agent Denning also testified that a search function on Amazon's website was used to search for products being sold from businesses near the ZIP code of defendants' warehouse and whose business names had associated CBP seizures. Tr. p. 694, ln. 23-25 and p. 695, ln. 1-5.
　Agent Sheehan offered similar testimony regarding the identification of businesses from package warrants and the intentional purchase of items listed as "new" condition from said business on Amazon. Tr. p. 1802, ln. 5-10; p. 1812, ln. 15-25; p. 1816, ln. 22-24. Agent Sheehan alleged on direct examination that he knew that ReMobile was associated with Peter Babichenko. Tr. p. 1813, ln. 2-3.

[2] Agent Denning noted that only one product purchased by the Government online was sold with the condition "used, like new." Tr. p. 699, ln. 23-25 and p. 700, ln. 1-4. Additionally, it is obvious that government agents would not use public resources in a criminal investigation to develop exculpatory evidence. Furthermore, the Government described these purchases in their trial brief as "undercover online purchases of suspected counterfeit products…". ECF. 932, p. 3.

Indictment); *See also* ECF. 932, p. 3 (Government's Trial Brief). The court's pre-trial rulings suggest that such a sale may be sufficient to prove the charged crimes. ECF 940, p. 5.[3] But the Government cannot suffer an injury-in-fact because of an allegedly fraudulent act if the Government set out to purchase an item and got that for which they were looking. *See generally, Cleveland v. United States*, 531 U.S. 12, 26 (2000) (quoting *McNally v. United States*, 483 U.S. 350, 359 n. 8 (1987) for proposition that 18 U.S.C. § 1341 "had its origin in the desire to protect individual property rights, and any benefit which the Government derives from the statute must be limited to the Government's interests as property holder." (emphasis removed)). Here, the Government had an interest in the money it spent when Agent Sheehan bought a phone on Amazon, but the Government was not deprived of any money by a false representation if they received that which they set out to purchase. The testimony of the lead investigative agents is that this is precisely what happened. The Defendant continues to dispute the Government's allegation that the online sale charged in Counts 10, 19 and 27 constitutes a fraudulent act. If the item was delivered as described, there is clearly no basis for fraud or trafficking in counterfeit goods charges. But even if the Government can facially allege a material misrepresentation in the product listing, Agent Sheehan was not defrauded when he used a fictious identity to purchase a Samsung cell phone and battery from ReMobile.

---

[3] Discussing the right to repair, the Court wrote, "To be sure, there is an obvious weakness in defendants' theory. They are charged with selling devices as 'new and genuine.' By definition, a 'repaired' item is not 'new.'" ECF 940, p. 5.

DEFENDANT PIOTR BABICHENKO'S MOTION TO DISMISS FOR LACK OF STANDING     7

Agent Sheehan bought a Samsung cell phone listed as "new" on ReMobile's Amazon storefront because he thought he would receive a used or refurbished cell phone. *See* n. 1 and 2, *supra*. The Government contends that is what Agent Sheehan received. ECF 210, p. 8, 9-10 and 14 (Superseding Indictment); *See also* ECF. 932, p. 3 (Government's Trial Brief). This is not fraud because Agent Sheehan was not defrauded by a material misrepresentation. To be clear, other purchasers on ReMobile's Amazon storefront may not have been engaged in a multi-year, well-resourced investigation of ReMobile and other online storefronts associated with the defendants—but Agent Sheehan had. Agent Sheehan went online looking to buy a phone from ReMobile. He did so because he hoped it would allow him to develop evidence for the present case against the Defendant because he believed the phone he received as a result would be inconsistent with the description on Amazon. And the Government contends that's what he received. *See* n. 1 and 2, *supra*. This is not fraud.

The Defendant has yet to begin his case-in-chief. While counsel may choose to rebut the Government's fraud allegations should the trial proceed to that stage, it should not be necessary as to Counts 10, 19 and 27. The Government's own contention—its own evidence—deny the Government the prerequisite of Article III standing which it needs in order to state a claim in federal court. Standing requires an injury-in-fact. *Transunion*, 594 U.S. at __ (slip op at 11) (citing *Lujan*, 504 U.S. at 560-561). In many fraud cases, an injury-in-fact may be shown by demonstrating that a material misrepresentation resulted in the loss of money, goods or services. *See generally, Cleveland*, 531 U.S. at 18-20 (2000).

However, the evidence presented by the United States in this case as it relates to Counts 10, 19 and 27 is not only insufficient to establish an injury-in-fact but also explicitly incompatible with such a showing. A consumer who receives the product they expected when they made the purchase has not been defrauded. It is of no consequence if the consumer is employed by a federal law enforcement agency. "No concrete harm, no standing." *Transunion*, 594 U.S. at __ (slip op at 31).

As noted above, *Transunion* is a recent decision of the United States Supreme Court regarding civil litigation. But the case's holding as it relates to Article III standing denies constitutional authority to any federal court to hear litigation brought by a plaintiff who has not suffered an injury-in-fact. *Transunion*, 594 U.S. at __ (slip op at 11) (citing *Casillas v. Madison Avenue Assocs., Inc.*, 926 F. 3d 329, 333 (7th Cir. 2019) (Barrett, J.)). Neither the United States Constitution nor the *Transunion* decision distinguish Article III standing between plaintiffs in traditional civil and criminal cases. Nor can one credibly contend that the application of the principles adopted in *Transunion* to a criminal case was unforeseeable. *See generally* Hartnett, 97 Mich. L. Rev. 2239.[4] Standing is jurisdictional, and the plaintiff bears the burden of demonstrating standing. *Transunion*, 594 U.S. at __ (slip op. at 11) (citing *Lujan*, 504 U.S. at 561). The holding regarding Article III standing in *Transunion* is not limited to civil cases and denies the United States standing to proceed on Counts 10, 19 and 27.

The Defendant has filed this motion in advance of the close of the Government's case-in-chief to expedite litigation of this motion at the close of the

---

[4] Indeed, the cited law review articles represents Prof. Harnett doing just that in 1999.

DEFENDANT PIOTR BABICHENKO'S MOTION TO DISMISS FOR LACK OF STANDING — 9

Government's case and consistent with the orderly administration of justice and respect for the time of all trial participants. However, this leaves the possibility that the Government will introduce additional evidence before resting their case which is germane to the present motion. The Defendant reserves the right to supplement this pleading with additional relevant facts, law and argument related to evidence which the Government has yet to present.

### III.  Conclusion

The Defendant moves to dismiss Counts 10, 19 and 27 for lack of standing.

Dated: August 2, 2021.

                                                                               Respectfully Submitted,

                                                                               By /s/ Paul E. Riggins
                                                                               Paul E. Riggins
                                                                               Attorney for Defendant
                                                                               Piotr Babichenko

                                                                               By /s/ Andrew S. Masser
                                                                              Andrew S. Masser
                                                                               Attorney for Defendant
                                                                               Piotr Babichenko