UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion to Compel the Government to Permit Defense Inspection and Photographing of Physical Exhibits (Dkt. 1258). For the reasons explained below, the Court will grant the motion and require the government to make the relevant exhibits available to the defense for inspection and photographing by no later than **March 1, 2022**.

## BACKGROUND

Re-trial in this matter is scheduled to begin in less than three months – on May 18, 2022. All defendants are charged with conspiracy to commit wire fraud

and conspiracy to traffic in counterfeit goods, and certain individual defendants are charged with discrete acts of wire fraud, mail fraud, and trafficking in counterfeit goods. During the first trial, the government offered various physical items into evidence, including cell phones, chargers, and batteries. The defendants wish to inspect and photograph these items, as well as any subsequently identified physical exhibits, before the May 2022 retrial. The government says such an inspection would be overly burdensome and unnecessary in light of the previous inspections.

## ANALYSIS

Federal Rule of Criminal Procedure 16(a)(1)(E) unconditionally requires the government to allow a defendant to inspect and photograph any item in the government's possession, custody, or control if: (1) the item is material to preparing the defense; (2) the government intends to use that item in its case-in-chief at trial; *or* (3) the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E). The Ninth Circuit elaborated upon the unconditional nature of the government's Rule 16(a)(1)(E) obligation in *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013):

> A defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be. The relevant subsection of Rule 16 is written in categorical terms: Upon defendant's request, the government must disclose any documents or other objects within its possession, custody or control that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). *Unlike the preceding and subsequent*

MEMORANDUM DECISION & ORDER - 2

> *subsections, which both require that "the government knows— or through due diligence could know—that the" item exists*, see Fed. R. Crim. P. 16(a)(1)(D), (F), *subsection (E) is unconditional.* Lack of knowledge or even a showing of due diligence won't excuse non-compliance.

*Id.* at 768 (emphasis added).

The government argues that the Court should deny defendants' motion for a Rule 16(a)(1)(E) inspection because such an inspection would require a "substantial undertaking" that is not reasonable in light of defense attorneys' preview reviews. The Court is not persuaded.

First, the government's assertion that reviewing these exhibits would require a substantial amount of time – around 80 hours' worth of work by the government's estimation[1] – is not particularly relevant. As the defendants point out, the government has chosen to introduce all these items in its case-in-chief, so the defendants certainly should have a chance to inspect and photograph them – even if it does take 80 hours. More to the point, though, this is a complex, evidence-intensive case, requiring substantial amounts of work by everyone concerned. And it is preferable that the work be done on the front end – pre-trial – rather than stumbling through trial because all attorneys have not had a chance to

---

[1] The government estimated that a would require "two weeks working fulltime." *Response,* Dkt. 1268, at 1. Defendants say it's unclear whether this amount of time is actually necessary. *See Reply,* Dkt. 1277, at 5 n.2.

**MEMORANDUM DECISION & ORDER - 3**

fully understand and analyze the physical items that are part of the government's case.

Second, the government's assertion that the defendants' requested review would be redundant, and therefore unreasonable, is not persuasive. Even if this requested review were entirely redundant – and defendants have carefully and convincingly explained why that is not so, *see Reply,* Dkt. 1277, at 4-8 – the Court would still grant the motion. Again, this is a complex, multi-defendant, multi-count litigation. The defendants are on trial for several felonies and face lengthy prison sentences if convicted. In that context, it's not unreasonable for a defense attorney to ask to take another look at something they've already seen. Sometimes you need to mull things over and then reassess. Here, the defense attorneys have adequately explained why, despite previous inspections, they need to inspect and photograph the physical evidence outlined in the motion. The Court will therefore grant the motion.

### ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Compel the Government to Permit Defense Inspection and Photographing of Physical Exhibits (Dkt. 1258) is **GRANTED.**

2. The government shall make the requested items available to the defense for inspection and photographing by no later than **March 1, 2022**.

3. The government shall be prohibited from introducing at trial any physical exhibits they have not permitted the defense to inspect and photograph, unless the government can show that its failure to permit such inspection was due to a good faith oversight and that there is no substantial prejudice to the defense.

DATED: February 23, 2022

B. Lynn Winmill
U.S. District Court Judge