UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PIOTR BABICHENKO,<br><br>Defendant. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Piotr (Peter) Babichenko's motion to prohibit the Government from introducing evidence of the December 12, 2017 ReMobile Sale at the retrial (Dkt 1273). The Government opposes the motion. For the reasons explained below, the Court will deny the motion without prejudice.

# RELEVANT BACKGROUND

Peter ultimately faced five charges at the first trial. Counts 1 and 20 alleged conspiracy to commit wire fraud and conspiracy to traffic in counterfeit goods, packing, or labels. *Verdict*, Dkt. 1151. Counts 10, 19, and 27—the substantive charges—alleged wire fraud, mail fraud, and trafficking in counterfeit goods with respect to the December 12, 2017 sale of a Samsung phone on Amazon.com. *Id*.

The jury did not reach a verdict as to the conspiracy counts, but acquitted

Peter of the three substantive counts. *Verdict*, Dkt. 1151. On March 13, 2022, the Court held that by acquitting him on the substantive charges, the jury did not determine an issue of ultimate fact that protects Peter being retried for conspiracy under the doctrine of collateral estoppel. *Order*, Dkt. 1310. The Court ordered supplemental briefing on the issue of what evidence must be excluded from the retrial because of Peter's acquittal on the substantive counts. *Id.*

## LEGAL STANDARD

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The issue preclusion, or collateral estoppel, aspect of double jeopardy "prevents the government from seeking to prosecute a defendant on an issue that has been determined in the defendant's favor in a prior prosecution, regardless of the particular offense involved in the earlier trial." *United States v. Castillo-Basa*, 483 F.3d 890, 896 (9th Cir. 2007) (citing *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

The collateral estoppel doctrine also limits the admission of evidence related to facts that a jury necessarily decided in reaching a verdict. *See United States v. Seley*, 957 F.2d 717, 721 (9th Cir. 1992) (determining which evidence must be excluded by determining "which issues of ultimate fact have been determined by a general verdict of not guilty.").

ORDER - 2

# ANALYSIS

Three government exhibits—2007, 4365, and 5007—directly deal with the December 12, 2017 sale.[1] In briefing and informal discussions, the Government has agreed not to offer those exhibits at retrial. With regard to those exhibits, therefore, the motion is moot. The Court will not issue an order preventing the admission of those exhibits but will hold the Government to its word.

Still in dispute is "any other evidence related to the December 12, 2017 Remobile Sale" and "any testimony attempting to uncritically tie [Peter] to Remobile (or its related d/b/a's) after Q1 2017." *Def. Br.*, Dkt 1364, at 2. Peter seeks to exclude this evidence or, in the alternative, to be allowed a standing objection to the evidence. The Court will not grant either form of relief.

Collateral estoppel limits the admission of evidence related to facts that a jury necessarily decided in reaching a verdict. For example, in *Ashe*—where "the only contested issue at the first trial was whether Ashe was one of the robbers" *Yeager v. United States*, 557 U.S. 110, 119 (2009)—the Supreme Court held that "[o]nce a jury had determined . . . that there was at least a reasonable doubt that [Ashe] was one of the robbers, the State could not present the same or different

---

[1] In briefing, Peter initially objected to the admission of Exhibit 5205 because it contained physical items from the December 12 sale. In informal communication with the Court, however, he has advised that the item is not from the December 12 sale and withdrawn his objection.

ORDER - 3

identification evidence in a second prosecution for the robbery." *Ashe*, 397 U.S. at 446. Similarly, in *Seley*, the Ninth Circuit found that the jury necessarily determined that the defendant "lacked knowledge of the presence of the marijuana" and consequently that he had not purchased the marijuana or helped to pack it. *Seley*, 957 F.2d at 722. Accordingly, the court held that the government could not introduce "evidence regarding the purchase, packaging, transportation or importation of marijuana." *Id.*

Here, the jury rendered a general verdict, deciding that Peter was not liable as a principle or as an accomplice for wire fraud, mail fraud, or trafficking in counterfeit goods based on the December 12, 2017 sale. But, as the Court laid out in its previous decision, the factual basis of the jury's acquittal is unclear from its general verdict. *See Order*, Dkt 1310 (outlining multiple facts that might be the foundation of the jury's decision, such as a determination that the items were genuine or that Peter was not operating Remobile at that time of the sale). This case is thus unlike *Ashe* and *Seley*, where the Constitution prevented the introduction of evidence pertaining to ultimate issues of fact that the first jury necessarily determined. Accordingly, the Court will not issue a broad ruling excluding the general category of evidence connected to the December 2017 sale.

What's more, Peter fails to make the necessary connection between facts that the jury determined and the evidence he would exclude. Instead, he argues that

ORDER - 4

because the jury determined he was not a principle or an accomplice, "[t]he sanctioned course is thus to present no evidence of the sale upon retrial." *Def. Br.*, Dkt. 1364 at 2. But neither *Ashe* nor *Seley* nor any other case support this proposition. In fact, just the opposite is true. Acquittal alone does not provide a sufficient basis to exclude evidence based on collateral estoppel. *See Schiro v. Farley*, 510 U.S. 222, 233 (1994) (holding that a defendant "failed to satisfy his burden of demonstrating" that collateral estoppel applied because "there were any number of possible explanations for the jury's acquittal verdict") (internal quotation omitted).

The Court will, however, deny the motion without prejudice. If, at a later time, Peter identifies specific evidence that he contends is inadmissible because of a necessary fact that the jury found, he may raise the argument again.

In addition, the Court will not allow Peter to offer a standing objection to this or any other evidence through a motion. It is incumbent on the parties to make their record at trial. Peter may object at the appropriate point at trial and may request a standing objection at that juncture.

## ORDER

**IT IS ORDERED that**

1. Defendant Piotr Babichenko's motion to exclude evidence (Dkt. 1273) is **DENIED WITHOUT PREJUDICE**.

DATED: May 3, 2022

B. Lynn Winmill
U.S. District Court Judge

**ORDER - 6**