UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Piotr (Peter) Babichenko's Objections to Government's Demonstrative Exhibits. (Dkt. 1456.) For the reasons discussed below, the Court will sustain in part and overrule in part the objection.

The Government has provided 12 proposed demonstrative exhibits to the Defense. Peter Babichenko objects to two of those demonstratives: Exhibit D-2002 entitled "Employees", and D-1400 entitled "Defendants Exhibit." The Court will examine each in turn.

### A.     Employees Demonstrative (D-2002)

Peter Babichenko contends that the Employees Demonstrative, D-2002, includes "blatantly inaccurate information" in relation to him. First, he notes that the demonstrative groups Anna and Michael Iyerusalimets, who are married, together on one side, groups Tim and Kristina Babichenko, who are also married, together on the other side, and then groups Peter with his brother, Pavel (Paul) Babichenko, together in the middle. Peter contends that this makes it look as if he and Paul were working together as a working entity. He further contends that there is no evidence that he and Paul were working together as a working entity and that grouping them together in the demonstrative thus lacks a factual basis and is unnecessarily misleading.

Second, Peter notes that some pages of the demonstrative show him and Paul grouped together over six individuals, indicating that Peter and Paul together employed these individuals and that these individuals worked for Peter and Paul together. Peter contends that, again, this is factually inaccurate and misleading because none of these employees ever worked for Peter and Paul together and, further, that the evidence at the first trial showed that only two of these individuals—Ivan Bukhanstov and Igor Bukhanstov—ever worked with Peter at all, and that the remaining four individuals did not ever work for Peter. Finally, Peter contends that even as to Ivan and Igor, neither of these individuals ever sold

phones for Peter nor worked for Peter's Amazon businesses.

The Government does not directly respond to, or dispute, these contentions. Instead, the Government asserts that evidence seized at the 12586 Bridger Street Warehouse demonstrates that Defendants, including Peter and Paul, used a common approach to run their businesses, including using young and inexperienced employees to operate Amazon selling accounts, and that Defendants also employed many of the same people throughout the charged conspiracy period. The Government does not, however, argue that there is evidence showing that any of the employees on the demonstrative, except Igor Bukhanstov and Ivan Bukhanstov,[1] worked for both Peter and Paul. The Government further does not argue that there is evidence that Igor or Ivan worked for Peter and Paul together. Finally, the Government does not argue that there is evidence that either Ivan or Igor sold phones for Peter or worked for Peter's Amazon businesses.

Based on the lack of argument by the Government demonstrating otherwise, the Court will sustain the objection to the extent Demonstrative D-2002 shows Peter and Paul grouped together and shows Peter as associated with any of the

---

[1] The Employees Demonstrative also included an employee named Vitalia Gotra. This employee is not included in the revised Employees Demonstrative submitted by the Government. (*See, e.g.*, Kt. 1462, Lodged Exhibit D-2002.) The Court assumes, based on this revised version, that Ms. Gotra will no longer be included in the Employees Demonstrative.

"Employees" except Igor Bukhanstov and Ivan Bukhanstov.

The Government has submitted a revised version of D-2002. (*See* Dkt. 1462, Lodged Exhibits, Exhibit D-2002 (Revised D-2002.) This revised version appears to address some of the concerns raised by Peter, but not all. Specifically, the revised D-2002 still shows Peter and Paul grouped together on some of the pages. (*See, e.g., id.* at pages 6, 7.) The Court will require the Government to modify those pages such that Paul and Peter are no longer grouped together.

### B. Defendants Exhibit Demonstrative (D-1400)

Peter contends that the Defendants Exhibit Demonstrative (D-1400) includes questionable and perhaps false information and is therefore not an appropriate demonstrative exhibit.

D-1400 is intended to summarize outgoing packages seized from the 12586 Bridger St Warehouse in the two days prior to Defendants' arrest, and Page 9 of D-1400 is intended to provide a graphic representation of the addresses, companies, and individuals associated with those packages. On Page 9 of this demonstrative, pictures of various individuals, including Peter and other Defendants, are placed alongside the business names and addresses, indicating the businesses with which the individuals are associated. On page 9, Peter's photograph is placed next to two companies—Remobile Mobile Recycle and Cubic Wireless—thus indicating that Peter is associated with these businesses. Pages 15 and 16 of D-1400, in turn,

provide more detailed information regarding Remobile and Cubic Wireless and again include Peter's photograph, indicating that he is associated with these two businesses.

Peter objects to the inclusion of his photographs as being associated with either Remobile or Cubic Wireless.

    1. Remobile Mobile Recycle

As to Remobile, Peter contends that the evidence—including testimony from the Government's own financial expert—shows that at the time these packages were seized, Peter was no longer associated with Remobile and specifically that he had left and had not been associated with Remobile, for over a year prior. Further, Peter points out that he was acquitted of a sale from Remobile that occurred in December 2017. The Government does not specifically respond to Peter's assertion regarding Remobile, and focuses, instead, on Cubic Wireless, discussed below.

In light of the acquittal of Peter on charges related to a sale from Remobile in 2017, and the Government's failure to cite to any evidence supporting D-1400's linking of Peter with Remobile at the time the packages were seized in 2018, the Court will sustain the objection to inclusion of Peter's picture in D-1400 as being associated with Remobile.

2. Cubic Wireless

As to Cubic Wireless, Peter contends that there was no evidence during the first trial demonstrating that Peter was financially involved with Cubic Wireless and that D-1400 thus misrepresents the evidence. The Court disagrees.

The Government has provided evidence indicating that Peter opened a Postal Annex box linked via Amazon records to Cubic Wireless, and that Ana and Mikhail Iyerusalimets were subsequently added to the box; that Peter is a signatory on a bank account linked by Amazon records to Cubic Wireless and holds the bank account with Mikhail Iyerusalimets; and that the individual who registered Cubic Wireless as a limited liability company was, at the time, an employee of one of Peter's other businesses. (*See, e.g.,* Exs. 1456 at 12; 1255 at 2;  1509 at 2; 1400 at 2.) Although Peter takes the position that he had exited Cubic Wireless and was no longer part of that business when the packages were seized, there is evidence linking Peter with Cubic Wireless. The Court will therefore overrule the objection to inclusion of Peter's picture in D-1400 as being associated with Cubic Wireless.

## ORDER

IT IS ORDERED that Defendant Piotr (Peter) Babichenko's Objections to Government's Demonstrative Exhibits (Dkt. 1456) is sustained in part and overruled in part:

1. The objection is sustained to the extent Demonstrative D-2002 shows Peter Babichenko and Paul Babichenko grouped together.

2. The objection is sustained to the extent Demonstrative D-2002 shows Peter as associated with any of the "Employees" except Igor Bukhanstov and Ivan Bukhanstov.

3. The objection is sustained to the extent Demonstrative D-1400 includes Peter's picture as being associated with Remobile Mobile Recycle.

4. The objections to D-2002 and D-1400 are otherwise overruled.

5. To the extent the Government intends to use Demonstrative D-2002 or D-1400 during trial, the Government shall revise those demonstratives consistent with this Order and provide the revised versions to Defendants at least 24 hours prior to seeking to introduce them at trial, or by May 25, 2022, whichever is earlier.

DATED: May 22, 2022

_____
B. Lynn Winmill
U.S. District Court Judge