Thomas B. Dominick, Esq.
DOMINICK LAW OFFICES, PLLC
1112 W. Main St., Suite 303
Boise, Idaho 83702
Telephone (208) 871-7663
Facsimile (208) 342-6553
ISB No. 2908
tbdominick@gmail.com

Attorney for Defendant Artur Pupko

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARTUR PUPKO,<br><br>Defendant. | Case No. 1:18-CR-00258-010-BLW<br><br>MOTION TO DISMISS AND, ALTERNATIVELY, SUPPLEMENTAL OBJECTIONS TO RESTITUTION CLAIMS |

COMES NOW Defendant, Artur Pupko (hereinafter Mr. Pupko or Arthur), by and through his undersigned counsel of record, Thomas B. Dominick of Dominick Law Offices, PLLC, and, for the reasons stated below, respectfully submits this motion to dismiss any claims seeking restitution against Mr. Pupko. Alternatively, Mr. Pupko hereby supplements his prior objections to any restitution claims.

STATEMENT OF THE CASE.

Mr. Pupko was sentenced on March 21, 2023. The Court deferred a hearing on any restitution claims until June of 2023. Pursuant to the Court's briefing schedule, the Government submitted its memorandum on restitution on April 14, 2023. See dk no. 1834. In its memorandum, the Government demanded that the convicted Defendants, except for Mr. Pupko, pay the restitution claims submitted by the victims UL Solutions, Samsung and Apple. Because no restitution demand was made by the Government against Mr. Pupko, and no response was therefore necessary, he did not file a response to the Government's memorandum.

On May 12, 2023, the remaining Defendants filed a response to the Government's restitution demand. See dk. no. 1839. The only mention made therein about Mr. Pupko was that "the government does not provide an estimated proportion for Artur Pupko, to whom the MVRA's mandatory provisions also apply." Id. at p 24.

Mr. Pupko contends that any restitution claims against him should be dismissed for the reasons stated below. Arthur also refers the Court to his objections to restitution filed (under seal) as dk. no. 1759 and his supplemental brief, filed as dk. no. 1779. He continues to rely upon the arguments and accompanying evidence provided therein in connection with

all restitution issues. Also, if Mr. Pupko's motion to dismiss is not granted, Mr. Pupko joins in the arguments submitted by the other Defendants, except for their contention that Mr. Pupko should be held liable for any restitution claims.

## MOTION TO DISMISS.

This motion to dismiss any restitution claims against Arthur is brought pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 USC sections 3663A-3664. It is undisputed that the MVRA applies in this case.

According to the Ninth Circuit Court of Appeals in United States vs. Hankins, 858 F.3d. 1273, 1275 (2017) "restitution is a criminal sentence." Under the MVRA, the Government has the "authority to collect restitution." Id at p. 1277. In Hankins, the Court held that "the Government's right to administer punishment" could not be waived by a victim and defendant by entering into a separate restitution agreement. The Court ruled that any such agreement would "violate public policy."

In the present case the Government, in its restitution memorandum, is not seeking restitution against Mr. Pupko. Instead, the Government is demanding that the remaining convicted Defendants pay restitution to the aforementioned victims. The Government has exercised its right "to

administer punishment" so that the Defendants, but not Mr. Pupko, should be held liable for the payment of restitution.

The Government's decision not to demand restitution from Mr. Pupko is supported by the evidence in this case, to wit: The Government told Mr. Pupko that it would not seek restitution from him (Objections, dk no. 1759, exhibit 2001); Mr. Pupko was the only employee/six percenter indicted; Arthur became involved in this scheme five years after it commenced; Mr. Pupko's employee handbook said he could only "sell product of the company on specific platforms on which I am authorized to sell." Objections, exhibit 2002; Mr. Pupko played a minor role in the offense; according to the presentence report, "employees (such as Mr. Pupko) were instructed as to what items to sell, how to list them in their store and for what price." PIR, para 63; Mr. Pupko was not an importer of counterfeit products and he did not have any interactions with foreign suppliers; his domestic supplier was his boss and mentor, Paul Babichenko; Mr. Pupko pleaded guilty, and he did not force the Government and the victims to incur litigation expenses or attorney fees; Paul Babichenko took advantage of the fact that Arthur's grandfathered Cell2U4Less, LLC, account with Amazon allowed Mr. Pupko to transfer or remove payments made for products within a day's time after receipt, as opposed to the weeks-long waiting period required for newer Amazon

merchant accounts. Using this account, Mr. Pupko was also able to sell Samsung cellphones and accessories, unlike other Defendants. Therefore, Paul Babichenko pushed Arthur to sell products on this account, while still maintaining control and supervisory oversight. For these reasons, Arthur generated a large amount of sales, with respect to which he received a mere six percent of the profits, while his boss received 94 percent; a forfeiture judgment was not entered against Mr. Pupko; and finally, if Arthur is ordered to pay restitution, it is certain that the remaining, more culpable, Defendants will be required to pay less restitution.

The Court should recognize that the Government, the executive department designated with the discretion to file criminal charges and to pursue criminal punishment, including restitution, has elected <u>not</u> to seek restitution from Mr. Pupko. The victims here will still receive restitution from the other convicted Defendants in such amounts as the Court apportions based upon culpability and the ability to pay. See <u>United States vs. Alvarez</u>, 21 F.4th 499, 502 (7th Cir, 2021)(restitution may be joint and several or apportioned based upon relative culpability and each defendant's ability to pay). As a result, the requirements of the MVRA will be satisfied, even though Mr. Pupko is not ordered to pay restitution.

The Court should not sua sponte require the Government to prosecute these restitution claims against Mr. Pupko. See <u>United States vs. Star</u>, CR 13-30129-RAL, 10 (D.S.D. Aug.1,2014)(The National Crime Victim Law Institute's amicus curiae's request that the district court sua sponte raise the issue of restitution for a crime victim's lost past and future income, was denied since the government did not seek restitution for such damages). In <u>Star</u>, the government did demand restitution for other categories of the victim's damages. The trial court, however, refused to order the government to provide proof of the victim's lost past and future income when it had exercised its discretion to not pursue such damages.

The first three Articles of the United States Constitution delineate the three separate branches of Government; to wit, the executive, legislative and judicial. The separation-of-powers doctrine has long held that these three branches of government are co-equal. See eg, <u>United States vs. Gonsalves</u>, 691 F.2d. 1310 (9th Cir. 1982)( the trial court's decision to dismiss the indictment because it was an "unmanageable monstrosity" was affirmed on appeal). For purposes of this motion, the following language from <u>Gonsalves</u> is relevant : "It remains the prerogative and responsibility of the executive to determine whether to prosecute at all." <u>Id</u> at p.1322. Here, the Government has exercised

MOTION TO DISMISS AND, ALTERNATIVELY, SUPPLEMENTAL OBJECTIONS TO
RESTITUTION CLAIMS - 6

its discretion to not demand restitution from Mr. Pupko. The Court should honor that decision.

In conclusion, the Government's memorandum on restitution does not demand or seek to impose any obligation to pay restitution upon Arthur. As a result, Mr. Pupko should be dismissed from any obligation to pay restitution in this case as a matter of law. Mr. Pupko respectfully requests that he be dismissed from the obligation of paying restitution prior to the hearing scheduled for June of 2023.

Alternatively, Mr. Pupko should not be ordered to pay restitution for the reasons stated in the above mentioned filings (dk nos. 1759 and 1779) and for the reasons stated in the Defendant's restitution response (dk no. 1839). If restitution is ordered, Mr. Pupko's restitution amount should be assigned to his employer, Paul Babichenko. Mr. Pupko was required by his job to sell certain items in certain amounts. He was supervised daily. As an attorney, I would not seek to hold my staff accountable for following my orders. Mr. Pupko should also not be held liable for restitution for doing what he was asked to do. Moreover, if he is ordered to pay restitution for doing what his employer asked him to do, his employer's liability will be reduced. Ordering Mr. Pupko to pay restitution under these circumstances would be inequitable and unjust.

MOTION TO DISMISS AND, ALTERNATIVELY, SUPPLEMENTAL OBJECTIONS TO RESTITUTION CLAIMS - 7

DATED THIS 18th day of May, 2023.

                                  DOMINICK LAW OFFICES, PLLC

                                  /s/ Thomas B. Dominick
                                  By: THOMAS B. DOMINICK
                                  Artur Pupko's Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of May, 2023, I served the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing to be served by electronic means as listed below:

| | |
|---|---|
| Kate Howitz/Justin Whatcott<br>AUSA<br>kate.horwitz@usdoj.gov | ____ U.S. Mail<br>____ Facsimile<br>____ Overnight Mail<br>_xx_ CM/ECF |
| Paul E. Riggins, Esq.<br>rigginslaw@gmail.com<br><br>Mike French, Esq.<br>mike@bartlettfrench.com<br><br>Rob S. Lewis, Esq.<br>office@roblewislaw.com<br><br>Greg Silvey, Esq.<br>greg@idahoappeals.com<br><br>Robyn A. Fyffe, Esq.<br>robyn@fyffelaw.com<br><br>Brian Pugh, Esq.<br>Brian_Pugh@fd.org | ____ U.S. Mail<br>____ Facsimile<br>____ Overnight Mail<br>_xx_ CM/ECF |

MOTION TO DISMISS AND, ALTERNATIVELY, SUPPLEMENTAL OBJECTIONS TO RESTITUTION CLAIMS - 8

| | |
|---|---|
| Ellen Nichole Smith, Esq.<br>ellen@smithhorras.com<br><br>Craig Durham, Esq.<br>chd@fergusondurham.com<br><br>Barry L. Flegenheimer, Esq.<br>barrylfp@gmail.com<br><br>John C. DeFranco, Esq.<br>jcd@greyhawklaw.com | |

/s/ Thomas B. Dominick
Thomas B. Dominick