JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>DAVID BIBIKOV,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MOTION FOR CLARIFICATION OR RECONSIDERATION OF PORTION OF AMENDED PRELIMINARY ORDER OF FORFEITURE (ECF 1838)** |

The United States respectfully moves the Court to clarify or reconsider Paragraphs 101.C through 104 ("the Paragraphs") of its Amended Preliminary Order of Forfeiture filed at ECF No. 1838 ("Amended POF"). As read by the Government, the Paragraphs are inconsistent and contrary to 21 U.S.C. § 853(p), and, therefore, the Government respectfully seeks additional clarification or reconsideration based on legal error.

**MOTION FOR CLARIFICATION—1**

When a court rests a decision on legal errors, the parties may ask the Court to reconsider or further clarify that ruling. *See United States v. Crowell*, 374 F.3d 790, 795 (9th Cir. 2004) (recognizing that a "district court has 'inherent jurisdiction within the time allowed for appeal to modify its judgment for errors of fact or law or even to revoke a judgment.'" (quoting *United States v. Sumner*, 226 F.3d 1005, 1013 (9th Cir. 2000)).

In the Paragraphs, the Court made inconsistent conclusions that the property at Three Lakes was purchased with criminal proceeds, but nevertheless not forfeitable because the conditions precedent of 21 U.S.C. § 851(p).

Specifically, the Court made the following findings as to the property at Three Lakes.

- "Tim . . . used his criminal proceeds to pay for real property at 2051 Three Lakes (Property No. 3.K)";
- "He used $250,000 [in criminal proceeds]"; and,
- "At face value, that means the real property is forfeitable."

ECF No. 1838 ¶ 98

Nevertheless, the Court concluded that it was "persuaded that the real property 'has been commingled with other property which cannot be divided without difficulty' and so should not be directly forfeited." *Id.* ¶ 100 (quoting 21 U.S.C. § 853(p)(1)(E)). The Court made this conclusion because "[i]n 2021 and 2022, Tim built a house on the lot using his non-proceeds income." *Id.* ¶ 101. "[T]he house building costs totaled $1,186,775.78." *Id.* ¶ 101.A. The Court concluded "that the requirements of 21 U.S.C. § 853(p) are met." *Id.* ¶ 102. "Therefore, forfeiture of substitute property, rather than the lot itself, is appropriate." *Id.* The Court went on to state that "the value of any substitute asset will be counted towards Tim's money judgment. For that reason, allowing for the forfeiture of substitute property instead of the real property is

**MOTION FOR CLARIFICATION—2**

redundant." *Id.* ¶ 103. Finally, the Court concluded by stating that it "will not order the forfeiture of the real property at 2051 Three Lakes (Property No. 3.K)." *Id.* ¶ 104.

To the extent the Amended POF does not allow forfeiture of the Three Lakes Property, the Government objects. First, the Government is entitled to forfeit $250,000 of the 2051 Three Lakes property based on the criminal-proceeds theory of forfeiture. The Court found that Tim purchased the lot with proceeds from the crime. As such, that property is forfeitable without consideration of § 853(p). ECF No. 1838 ¶ 98.

> If the Government is seeking to forfeit property under a proceeds theory, and the proceeds subject to forfeiture have been commingled with other funds, the forfeiture is limited to the portion of the commingled funds traceable to the proceeds. For example, if a person invests $100,000 in fraud proceeds in a $600,000 house, and pays for the balance of the house with money from another source, a forfeiture based on a proceeds theory would be limited to 1/6th of the market value of the house at the time of the forfeiture.

Stefan D. Cassella, *Asset Forfeiture in the United States*, § 25-4 at 1102 (3d ed. 2022). Therefore, the Court should order $250,000 of the 2051 Three Lakes property forfeited. This forfeiture entitles the Government to seize and sell the property with $250,000 going to forfeiture. *See, e.g.*, *United States v. One Parcel Known as 352 Northup St.*, 40 F. Supp. 2d 74, 82 (D.R.I. 1999) (holding that forfeiture based on criminal proceeds limited to portion of property purchased with drug money; portion traceable to subsequent investment of legitimate funds *not* forfeitable; property apportioned after sale).

The Amended POF seems to conclude otherwise by conflating the conditions precedent to forfeiting *substitute assets* with a prohibition of forfeiting property purchased with criminal proceeds. It appears that the Amended POF concludes that regardless of whether $250,000 of criminal proceeds were used to purchase the lot, the property is not forfeitable because the requirements of 21 U.S.C. § 853(p)(1)(E) are met. This conclusion would be legally unsound.

**MOTION FOR CLARIFICATION—3**

Section 853(p)(1)(E) is simply a prerequisite to allow forfeiture of substitute assets. It does not preclude forfeiture of criminal proceeds.

The Court's finding that § 853(p)(1)(E) has been satisfied means that the Government could forfeit the remaining value of the property (above the $250,000 representing criminal proceeds), as substitute assets. Once the property is sold and the $250,000 in criminal proceeds is dispersed, the Government may seek the remaining property to fulfill the money judgment award. But it's not clear to the Government what the Court has ordered as to this property.

Initially, the Court states that substitute property is appropriately ordered and orders that "the value of any substitute asset will be counted towards Tim's money judgment." ECF No. 1838 ¶ 103. The Court then states: "[f]or that reason, allowing for the forfeiture of substitute property instead of real property is *redundant*" and "not [to] order forfeiture of the real property at 2051 Three Lakes." *Id.* ¶¶ 103–04 (emphasis added).

Based on these inconsistencies, the Government respectfully requests additional clarification as to whether:

- 2051 Three Lakes property has been ordered forfeited as criminal proceeds worth $250,000;
- The value of 2051 Three Lakes property beyond the $250,000 in criminal proceeds has been ordered forfeited as a substitute asset; or
- whether no asset at all has been ordered forfeited under either a proceeds or substitute asset theory.

An important consideration is that this is the Preliminary Order of Forfeiture stage. The next step is the ancillary proceeding stage to address any third-party claims that might be raised. Therefore, even if the Court orders the criminal proceeds portion of the property forfeited and/or

**MOTION FOR CLARIFICATION—4**

the non-criminal proceeds value of the property forfeited, third parties may claim an interest and seek relief if they meet the statutory requirements of 21 U.S.C. § 853(n) in the ancillary proceeding.

### Conclusion

The Government respectfully objects herein to the Court's conclusion that it cannot order forfeiture of the 2051 Three Lakes property as described in Paragraphs 103.C through 104 of the Amended POF, ECF 1838.  Whether or not the Court sustains this objection, the Government requests additional clarity from the Court on this matter to ensure its proper compliance with the Amended POF.

Respectfully submitted this 23rd day of May, 2023.

        JOSHUA D. HURWIT
        UNITED STATES ATTORNEY
        By:

        */s/ Katherine L. Horwitz*
        KATHERINE L. HORWITZ
        Assistant United States Attorney

        */s/ William M. Humphries*
        WILLIAM M. HUMPHRIES
        Assistant United States Attorney

**MOTION FOR CLARIFICATION—5**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2023 the foregoing MOTION FOR CLARIFICATION OR RECONSIDERATION OF PORTION OF AMENDED PRELIMINARY ORDER OF FORFEITURE (ECF 1838) was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |

/s/ *William M. Humphries*
Assistant United States Attorney

**MOTION FOR CLARIFICATION—6**