JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>DAVID BIBIKOV,<br>MIKHAIL IYERUSALIMETS,<br><br>     Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES** |

The United States of America moves the Court for a preliminary order of forfeiture regarding Subject Property defined herein (which is real property in Brazil) to forfeit that property as substitute assets so as to ultimately apply the funds from the liquidation of the forfeited Subject Property to the forfeiture money judgments ordered in the Amended Findings of Fact, Conclusions of Law, and Preliminary Order of Forfeiture (ECF No. 1838 at 46) ("Money Judgments"), pursuant to 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(e).

## FORFEITURE MONEY JUDGMENTS

The Court has entered forfeiture money judgments as follows:

a. A judgment of $33,708,700.30 against Paul Babichenko

b. A judgment of $3,316,882.40 against Peter Babichenko

c. A judgment of $9,230,196.82 against Tim Babichenko

d. A judgment of $953,411.95 against Mikhail Iyerusalimets

ECF No. 1838 at 46.

## SUBJECT PROPERTY

The "Subject Property" is the real property that includes the lots and parcels of land, together with buildings, appurtenances, improvements, fixtures, attachments, and easements including, but not be limited to, residential apartment buildings in Brazil as follows:

1. Babichenko 171 – Rua Julieta Cordeiro de Medeiros nº 171 – Paratibe – João Pessoa/PB (Trial 1, Gov. Ex. 1023, at 1023-021 and Ex. 2814 at 2814-004)

2. Babichenko II – Rua Julieta Cordeiro de Medeiros nº 161 – Paratibe – João Pessoa/PB (Trial 1, Gov. Ex. 1023, at 1023-021 and Ex. 2814 at 2814-005)

3. Babichenko III – Rua Julieta Cordeiro de Medeiros nº 141 – Paratibe – João Pessoa/PB (Trial 1, Gov. Ex. 1023, at 1023-022 and Ex. 2814 at 2814-003)

4. Babichenko IV – Rua Julieta Cordeiro de Medeiros s/n – Paratibe – João Pessoa/PB (Trial 1, Gov. Ex. 1023, at 1023-022 and Ex. 2814 at 2814-006-07)

5. Babichenko V – Rua Oscar Lopes Machado 251 – Paratibe – João Pessoa/PB (Trial 1, Gov. Ex. 1023, at 1023-023 and Ex. 2814 at 2814-010)

6. Babichenko VI – Rua João Goncalves Ribeiro nº 105 – Planalto Boa Esperanca - João Pessoa/PB (Trial 1, Gov. Ex. 1023, at 1023-023 and Ex. 2814 at 2814-011)

7. Babichenko VII – Rua João Roberto de Lima nº 104 – Planalto Goa Esperanca - João Pessoa/PB (Trial 1, Gov. Ex. 1023, at 1023-024)

## BACKGROUND

For years, Defendants Paul Babichenko, Piotr Babichenko, and Tim Babichenko operated a number of construction businesses, including some abroad in Brazil. *See* Trial 1, Gov. Ex. 1023, at 7–8. Employing these international businesses, Pavel Babichenko built a number of residential apartment buildings alongside his brothers, Gennady Babitchenko, Piotr Babichenko, and Tim Babichenko. *See id.* at 21–24. Specifically, the real property includes the Subject Property, which are residential apartment buildings in Brazil.

Defendant Paul Babichenko, from his own personal and business accounts, wired $1,423,414.55 overseas to build these properties.

| Date | Wire From Entity | Account # | Wire To | Amount |
|---|---|---|---|---|
| 8/18/2010 | Pavel & Natalia Babichenko/Cabin Acct | 9137 | Peixoto Advocacia & Consultoria | $9,931.59 |
| 8/27/2010 | Pavel & Natalia Babichenko/Cabin Acct | 9137 | Esther Lydia Dyer | $3,100.00 |
| 1/6/2011 | Pavel & Natalia Babichenko/Cabin Acct | 9137 | Arthur Augusto Barbosa Luna | $4,157.86 |
| 1/18/2011 | Midstar LLC | 7407 | Esther Lydia Dyer, San Paulo, Brazil | $2,500.00 |
| 3/14/2012 | Pavel & Natalia Babichenko | 1644 | Midstar Construcoes LTDA | $88,000.00 |
| 1/7/2014 | Pavel & Natalie Babichenko | 3631 | Midstar Construcoes | $24,000.00 |
| 3/6/2014 | Pavel & Natalie Babichenko | 3631 | Custom Homes Construcoes | $4,000.00 |
| 3/6/2014 | Pavel & Natalie Babichenko | 3631 | Midstar Construcoes | $20,000.00 |
| 5/9/2014 | Pavel & Natalie Babichenko | 3631 | Midstar Construcoes | $20,000.00 |
| 6/23/2014 | Pavel & Natalie Babichenko | 3631 | Midstar Construcoes | $23,000.00 |
| 8/6/2014 | Pavel Babichenko & Timofey Babichenko | 0387 | Western Union to Brazil | $7,000.00 |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 3**

| Date | Name | Account | Payee | Amount |
|---|---|---|---|---|
| 8/7/2014 | Pavel Babichenko & Timofey Babichenko | 0387 | Western Union to Brazil | $2,900.00 |
| 8/29/2014 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $22,000.00 |
| 9/23/2014 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $21,000.00 |
| 11/3/2014 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 12/26/2014 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $25,000.00 |
| 1/15/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $18,000.00 |
| 1/23/2015 | Pavel Babichenko & Timofey Babichenko | 0387 | Western Union to Brazil | $4,000.00 |
| 1/26/2015 | Pavel Babichenko & Timofey Babichenko | 0387 | Western Union to Brazil | $5,825.10 |
| 1/26/2015 | Pavel Babichenko & Timofey Babichenko | 0387 | Western Union to Brazil | $7,000.00 |
| 1/30/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 2/24/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 3/12/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 4/1/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 4/23/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 5/5/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 5/21/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $22,000.00 |
| 6/3/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $10,000.00 |
| 6/12/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 7/1/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 7/31/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $20,000.00 |
| 9/10/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $50,000.00 |
| 9/22/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $50,000.00 |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 4**

| | | | | |
|---|---|---|---|---|
| 10/28/2015 | Pavel & Natalia Babichenko | 5276 | Midstar Construcoes LTD | $50,000.00 |
| 4/22/2016 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTD | $25,000.00 |
| 5/20/2016 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTD | $25,000.00 |
| 6/23/2016 | Natalya & Pavel Babichenko | 9602 | Midstar Construcoes LTD | $85,000.00 |
| 8/10/2016 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTD | $100,000.00 |
| 8/10/2016 | Natalya & Pavel Babichenko | 9602 | Midstar Construcoes LTD | $40,000.00 |
| 12/12/2016 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTD | $50,000.00 |
| 1/3/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTD | $50,000.00 |
| 5/25/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $30,000.00 |
| 6/20/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $40,000.00 |
| 6/30/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $100,000.00 |
| 7/31/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $35,000.00 |
| 9/1/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $20,000.00 |
| 9/22/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $20,000.00 |
| 10/24/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $25,000.00 |
| 12/8/2017 | Midstar Distributor LLC | 6620 | Midstar Construcoes LTDA | $25,000.00 |
| 2/12/2018 | Midstar Distributor LLC | 6620 | Midstar Construcoes LDTA | $20,000.00 |
| 3/16/2018 | Midstar Distributor LLC | 6620 | Midstar Construcoes LDTA | $20,000.00 |
| 4/13/2018 | Midstar Distributor LLC | 6620 | Midstar Construcoes LDTA | $20,000.00 |

See Trial 1, Gov. Ex. 1244-3 (financial summary exhibit showing funds diverted to Brazil by Paul Babichenko).

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 5**

Like his brother, Defendant Tim Babichenko transferred a substantial amount of his proceeds from his criminal schemes overseas to purchase a luxury Brazilian condominium in the Greenmare Residence.  *See* Trial 1, Gov. Ex. 1244-4 (financial summary exhibit showing funds diverted to Brazil by Tim Babichenko).

| Date | Wire From Entity | Account # | Wire To | Amount |
|---|---|---|---|---|
| 6/11/2014 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $34,000.00 |
| 6/20/2014 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $12,000.00 |
| 8/13/2014 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $11,000.00 |
| 9/17/2014 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $17,000.00 |
| 10/30/2014 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $17,000.00 |
| 11/20/2014 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $12,000.00 |
| 1/6/2015 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $11,500.00 |
| 1/15/2015 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $12,000.00 |
| 2/12/2015 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $32,000.00 |
| 3/13/2015 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $26,000.00 |
| 3/26/2015 | Timofey & Kristina Babichenko | 7046 | Banco Do Brasil SA | $14,500.00 |
| 4/23/2015 | Timofey & Kristina Babichenko | 7046 | Alliance Greenmar Construcoes | $38,600.00 |
| 5/29/2015 | Timofey & Kristina Babichenko | 7046 | Banco Do Brasil SA | $12,000.00 |
| 7/13/2015 | Global Distributors LLC | 1299 | Cyro Visalli Terceiro | $20,000.00 |
| 7/27/2015 | Timofey & Kristina Babichenko | 7046 | Banco Do Brasil SA | $30,000.00 |
| 8/27/2015 | Timofey & Kristina Babichenko | 7046 | Banco Do Brasil SA | $15,100.00 |
| 9/16/2015 | Timofey & Kristina Babichenko | 7046 | Banco Do Brasil SA | $12,000.00 |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 6**

| 9/28/2015 | Timofey & Kristina Babichenko | 7046 | Banco Do Brasil SA | $6,500.00 |
| 4/26/2017 | Timofey & Kristina Babichenko | 2293 | Banco Do Brasil SA/Cyro Visalli Terceiro | $7,600.00 |
| 6/28/2017 | Timofey & Kristina Babichenko | 5152 | Banco Do Brasil SA/Cyro Visalli Terceiro | $6,000.00 |
| 3/1/2018 | Timofey & Kristina Babichenko | 2293 | Banco Do Brasil SA | $6,200.00 |
| 4/13/2018 | Timofey & Kristina Babichenko | 5152 | Banco Do Brasil SA | $6,200.00 |

*See* Trial 1, Gov. Ex. 1244-4 (financial summary exhibit showing funds diverted to Brazil by Tim Babichenko).

Defendant Tim Babichenko had his wife arrange for payment of this property from "business money." *See, e.g.*, Trial 1, Ex. 4505, at 1 ("[W]e have a condo in Brazil and Tim was wondering if we could pay with the business money."). And he transferred money he received from Midstar through his Global Distributing account 3706 to Gennady Babichenko and, ultimately, Brazil. *See* Trial 1, Gov. Ex. 1101.

## LEGAL FRAMEWORK

The substitute asset statute, 21 U.S.C. § 853(p), is used to satisfy a forfeiture money judgment imposed against a defendant by permitting forfeiture of other property belonging to that defendant. It is a procedural provision made applicable to forfeiture through 28 U.S.C. § 2461(c). *See Honeycutt v. United States*, 581 U.S. 443, 453 (2017) ("Congress provided just one way for the Government to recoup substitute property when the tainted property itself is unavailable—the procedures outlined in § 853(p)."); *United States v. Lo*, 839 F.3d 777, 790 (9th Cir. 2016) ("Section 853(p) provides a procedure for the forfeiture of substitute property"). Section 853(p) provides as follows:

(p) Forfeiture of substitute property

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 7**

>    (1) In general Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—
>
>    (A) cannot be located upon the exercise of due diligence;
>    (B) has been transferred or sold to, or deposited with, a third party;
>    (C) has been placed beyond the jurisdiction of the court;
>    (D) has been substantially diminished in value; or
>    (E) has been commingled with other property which cannot be divided without difficulty.
>
>    (2) Substitute property. In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

21 U.S.C. § 853(p).

"On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e). "Rule 32.2(e) allows the government . . . to seek substitute property." *United States v. Newman*, 659 F.3d 1235,1242 (9th Cir. 2011) (citing 21 U.S.C. § 853(p), *abrogated on other grounds, Honeycutt*, 581 U.S. 443). Rule 32.2 directs that "[i]f the government shows that the property is subject to forfeiture under Rule 32.2(e)(1) [as substitute property], the court must . . . enter an order forfeiting that property, or amend an existing preliminary or final order to include it[.]" Rule32.2(e)(2)(A). *See also United States v. Wetselaar*, No. 211CR00347KJDCWH, 2018 WL 3419254, at *1 (D. Nev. July 13, 2018) (detailing the substitute asset procedure).

In sum, the government is entitled to forfeit any property of a defendant as substitute assets and have the value of the interest applied to the Money Judgment pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c). *See, e.g., United States v. Carroll*, 346 F.3d

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 8**

744, 749 (7th Cir. 2003) (the defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy a money judgment); *United States v. Bermudez*, 413 F.3d 304, 306-07 (2d Cir. 2005) (affirming forfeiture of substitute assets in partial satisfaction of $14.2 million money judgment in a money laundering case); *United States v. Numisgroup International Corp.*, 169 F. Supp. 2d 133, 136-37 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property).

## ARGUMENT

Here, the Subject Property is subject to forfeiture as substitute assets. First, the requirements of 21 U.S.C. § 853(p) are satisfied as evidenced by the Court already granting substitute assets in its previous forfeiture order. *See*, *e.g.*, ECF No. 1838 at ¶¶ 77, 110, 112, 116 ("The government has satisfied the requirements of 21 U.S.C. § 853(p) . . . ."). Moreover, as noted in the tables above (from evidence at trial) the Defendants sent fraud proceeds to Brazil, which is beyond the jurisdiction of the Court. *See* 21 U.S.C. § 853(p)(1)(C).

Second, the evidence referenced above in this filing shows that the Defendants have or likely have an interest in the Subject Property. And, importantly,

> Rule 32.2(b) provides that ownership issues must be deferred to the ancillary proceeding and do not factor into the court's determination whether to order the forfeiture of the property in the first instance[.] This rule applies equally to substitute assets. Accordingly, the court does not determine that the substitute assets belong to the defendant when it includes it in the preliminary order of forfeiture; rather, the requirement in Section 853(p)(2) that the substitute asset be "property of the defendant" is satisfied by allowing third parties to contest the forfeiture of the property in the ancillary proceeding pursuant to § 853(n) and Rule 32.2(c).

Cassella, *Asset Forfeiture Law in the United States*, at 926 (3d ed. 2021).

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 9**

Therefore, the Subject Property should be ordered forfeited as substitute assets and a preliminary order of forfeiture entered to that effect. Then the claims of third parties may be addressed in the forfeiture ancillary proceeding phase.

### PROCEDURES TO FOLLOW PRELIMINARY ORDER

Criminal Rule 32.2(b)(6) requires that the government publish notice when forfeiting specific property. If the Court enters the requested preliminary order of forfeiture, the United States will cause publication of notice, consistent with Rule 32.2(b)(6)(c) and Rule G(4) of the Supplemental Rules of Civil Procedure for Admiralty, Maritime, and Forfeiture.

After the requested preliminary order of forfeiture and the required publication and potential claim period, and assuming no timely and valid third-party claims are made, the United States will seek a final order of forfeiture as to the Subject Property.

### REQUESTED RELIEF

The United States respectfully requests that this Court enter a preliminary order of forfeiture, forfeiting to the United States of America the Subject Property, and specifically the interest of the Defendants in the Subject Property.

It is further requested that this Court authorize the United States Attorney General (or a designee) or the government of Brazil to seize immediately and/or retain the above-described property and assist the United States in disposing of it according to law once a final order of feature is issued.

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including interrogatories and depositions, necessary to expedite ancillary proceedings related to any third-party interests claimed pursuant to § 853(n).

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 10**

## CONCLUSION

The United States respectfully requests that the Court issue a preliminary order of forfeiture for the Subject Property in Brazil as a substitute asset to be applied to the forfeiture money judgment in this case.

Respectfully submitted this 28th day of September, 2023.

>JOSHUA D. HURWIT
>UNITED STATES ATTORNEY
>By:
>
>*/s/ William M. Humphries*
>WILLIAM M. HUMPHRIES
>Assistant United States Attorney
>
>*/s/ Katherine L. Horwitz*
>KATHERINE L. HORWITZ
>Assistant United States Attorney

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES - 11**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2023, the foregoing UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS RE BRAZIL PROPERTIES was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by the CM/ECF system:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |

                                              /s/ *Christina Willoughby*
                                              Paralegal